■ The People of the State of New York, Respondent, v Argelis Alcantara, Appellant. [63 NYS3d 35]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered April 8, 2014, convicting defendant, after a jury trial, of vehicular manslaughter in the second degree (two counts), criminally negligent homicide, leaving the scene of an incident without reporting and resulting in death, and operating a motor vehicle while under the influence of alcohol (two counts), and sentencing him to an aggregate term of three to nine years, and order, same court and Justice, entered September 16, 2015, which denied defendant's CPL 440.10 motion to vacate judgment, unanimously affirmed.

The court properly exercised its discretion in denying defendant's CPL 440.10 motion without holding a hearing (see People v Samandarov, 13 NY3d 433, 439-440 [2009]). Based on the submissions on the motion, as well as the trial record, we conclude that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). With regard to plea negotiations, defendant did not substantiate his claim that alleged misadvice by counsel led him to turn down a favorable plea offer, particularly since defendant rejected the same offer before the attorney in question entered the case. With regard to representation at trial, defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived him of a fair trial or affected the outcome of the case.

The court properly denied defendant's suppression motion. The police had probable cause to stop defendant's car and arrest him for, at least, leaving the scene of an incident, based on the report of an eyewitness that defendant had hit a pedestrian, along with corroborating evidence including a radio run about a nearby accident. The hearing evidence, including the testimony of an officer who was fully knowledgeable about the

pertinent facts, met the People's burden of proving that defendant gave voluntary, written consent for a blood test (see generally People v Gonzalez, 39 NY2d 122, 128 [1976]).

Defendant's legal insufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The element of causation was amply established, particularly when viewed in light of the presumption contained in Penal Law § 125.12. We have considered and rejected defendant's remaining arguments regarding the sufficiency and weight of the evidence.

Defendant's challenges to the prosecutor's summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we conclude that the remarks at issue generally constituted fair comment on the evidence and were responsive to the defense summations. To the extent that there were any improprieties, they did not deprive defendant of a fair trial (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).

We perceive no basis for reducing the sentence. Concur—Manzanet-Daniels, J.P., Mazzarelli, Webber and Oing, JJ.